RECEIVED
NOV 2 0 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Nabors Drilling USA, L.P. | Civil Action 08-0858 |
| versus | Judge Tucker L. Melançon |
| The CompTech Group, L.L.C. | Magistrate Judge Methvin |

## MEMORANDUM RULING

Before the Court is plaintiff Nabors Drilling USA, L.P. ("Nabors") Motion To Remand and For Payment of Costs and Expenses [Rec. Doc. 7], The CompTech Group, L.L.C.'s ("CompTech") opposition thereto [Rec. Doc. 11], Nabor's Reply memorandum [Rec. Doc. 17] and CompTech's Surreply memorandum [Rec. Doc. 20].

On May 12, 2008, Nabors filed a Petition against CompTech in the Fifteenth Judicial District for the Parish of Lafayette, State of Louisiana. *R. 1.* The matter was removed to this Court on June 17, 2008 under 28 U.S.C. § 1332 (a). *R. 1.* On August 7, 2008, plaintiff filed this motion to remand alleging that the amount of damages in controversy does not exceed $75,000. *R. 7.*

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages, the Fifth Circuit has established a framework for resolving disputes over the amount in controversy, for actions removed based on diversity jurisdiction from

Louisiana state courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir.2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount. *Id.; Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir.2002).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869.

Nabors seeks damages from CompTech, a medical bill review company, for

allegedly supplying false and misleading information to Nabors, through Kenneth Livaudais Claims Services ("Livaudais")[1], regarding the application of illegal Preferred Provider Organization ("PPO") discounts to workers' compensations medical payment claims. Nabors Petition states that "[v]arious healthcare providers have filed claims against Nabors in Louisiana's Office of Workers' Compensation Administrations Courts, claiming that Nabors underpaid medical bills for services rendered to various employees of Nabors" and seeking "the amounts of alleged under payments to the providers, plus legal interest, penalties and attorneys' fees provided by La. R.S. 23:1203, 1034.2 and 1201(F)(4)." *R. 1, ¶¶ 8, 9.* The Petition further states that "[l]egal counsel for the providers has made it known that numerous additional claims will be made in Louisiana's Office of Workers' Compensation Administration Courts." *Id. at ¶ 10.*

Nabors states in its motion that it seeks damages arising out of only two claims pending against it in the Louisiana workers' compensation court, *Lafayette Bone & Joint Clinic v. Nabors Drilling USA*, docket no. 07-04143 and *Lafayette Bone & Joint Clinic v. Nabors Drilling USA*, docket no. 06-07824. *R. 7, Exh. A.* While Nabors attached a copy of the pending claims to the motion at bar, they were not attached to its Petition nor does it state in the Petition that its damages are limited to these two claims. Rather, plaintiff's Petition states no limit on the number of claims against CompTech and holds CompTech accountable for any and all "claims that may be made in the future." *R. 1, ¶.*

---

[1] Nabors retained Livaudais to administer claims of ill or injured Nabors employees under the Workers Compensation Law, La. R.S. 23:1021, *et seq.*

allegedly supplying false and misleading information to Nabors, through Kenneth Livaudais Claims Services ("Livaudais")[1], regarding the application of illegal Preferred Provider Organization ("PPO") discounts to workers' compensations medical payment claims. Nabors Petition states that "[v]arious healthcare providers have filed claims against Nabors in Louisiana's Office of Workers' Compensation Administrations Courts, claiming that Nabors underpaid medical bills for services rendered to various employees of Nabors" and seeking "the amounts of alleged under payments to the providers, plus legal interest, penalties and attorneys' fees provided by La. R.S. 23:1203, 1034.2 and 1201(F)(4)." *R. 1, ¶¶ 8, 9.* The Petition further states that "[l]egal counsel for the providers has made it known that numerous additional claims will be made in Louisiana's Office of Workers' Compensation Administration Courts." *Id. at ¶ 10.*

Nabors states in its motion that it seeks damages arising out of only two claims pending against it in the Louisiana workers' compensation court, *Lafayette Bone & Joint Clinic v. Nabors Drilling USA*, docket no. 07-04143 and *Lafayette Bone & Joint Clinic v. Nabors Drilling USA*, docket no. 06-07824. *R. 7, Exh. A.* While Nabors attached a copy of the pending claims to the motion at bar, they were not attached to its Petition nor does it state in the Petition that its damages are limited to these two claims. Rather, plaintiff's Petition states no limit on the number of claims against CompTech and holds CompTech accountable for any and all "claims that may be made in the future." *R. 1, ¶.*

---

[1] Nabors retained Livaudais to administer claims of ill or injured Nabors employees under the Workers Compensation Law, La. R.S. 23:1021, *et seq.*

CompTech contends that the above language in Nabor's Petition demonstrates that it is it facially apparent that more than $75,000.00 is at issue in this matter. CompTech represents that it processed hundreds of bills for Nabors with numerous medical providers throughout Louisiana and therefore, "the claims in this litigation could easily number in the hundreds." CompTech cites copies of its invoices to Nabors in care of Livaudais dated September 6, 2005 to June 6, 2006, which it represents are only a "partial listing" of bills already processed by CompTech and which indicate that the amount in controversy easily exceeds $75,000.00 when considering that attorney fees and penalties will be attached to each under paid claim. *R. 11, Exh. A.* CompTech fails, however, to provide any evidence to support that it improperly calculated PPO reductions within any of the invoices.

It is not facially apparent from the allegations in the Nabors' petition that the value of its claims exceeds $75,000 exclusive of interest and costs. Nabors' allegations do not specify nor even describe the "various" healthcare providers' claims of underpayment for services rendered to various employees. *R. 1.* CompTech's reliance on Nabors' petition to establish the extent of the damages is not sufficient. Nor has CompTech set forth sufficient evidence that supports a finding of the requisite amount.

Nabors moves for an order awarding costs and expenses under 28 U.S.C. section 1447(c). The language of 28 U.S.C. § 1447(c) authorizing an award for such costs and expenses is discretionary. In exercising this discretion, a district court is to

consider whether the removing party had "objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir.2000). Plaintiff does not provide any support for his motion for costs and expenses. The Court cannot conclude that defendant was not objectively reasonable in its removal of this action. Accordingly, it is,

ORDERED that plaintiff's Motion To Remand [Rec. Doc. 7] is GRANTED and this action is hereby REMANDED to the Fifteenth Judicial District for the Parish of Lafayette, State of Louisiana. It is

FURTHER ORDERED that the Clerk of this Court mail a certified copy of this Order of Remand to the Clerk of Court for the Fifteenth Judicial District, Parish of Lafayette, State of Louisiana. It is,

FURTHER ORDERED that plaintiff's request for payment of costs and expenses [Rec. Doc. 7] is DENIED.

THUS DONE AND SIGNED at Lafayette, Louisiana this 19th day of November, 2008.

Tucker L. Melançon
United States District Judge

COPY SENT:
DATE: 11/20/08
BY: CAS
TO: TLM
PG

5